FILED
Clerk
District Court

DEC 1 7 2012

for the Northern Mariana Islands
By_____
(Deputy Clerk)

VICTORINO DLG. TORRES, ESQ.
TORRES BROTHERS, LLC
P.O. BOX 501856
SAIPAN, MP 96950
PHONE: (670)233-5503
FAX: (670) 233-5310

AND

JAMES LIVINGSTONE, ESQ.
LAW OFFICE OF JAMES D. LIVINGSTONE
101 HUNTINGTON AVENUE
FIFTH FLOOR
BOSTON, MA 02199
PHONE: 617-910-6892
FAX: 617-482-4021

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| ROSALINDA PERJE,<br><br>    Plaintiff,<br><br>v.<br><br>WORLD CORPORATION doing business as SAIPAN WORLD RESORT HOTEL AND SANG JANG,<br><br>    Defendant. | Civil Action No. CV 12-0030<br><br>COMPLAINT |

## COMPLAINT

Plaintiff, Rosalinda Perje ("Perje"), for her cause of action against the defendant World Corporation doing business as Saipan World Resort Hotel and Sang Jang (the "Defendants"), states as follows:

1

## INTRODUCTION

1. Perje brings these causes of action because of the Defendant's discrimination against her and its retaliation against her for raising violations of law.

## PARTIES

2. Perje is a resident of Saipan in the Commonwealth of the Northern Mariana Islands. She is a female and of Philippine national origin.

3. World Corporation doing business as Saipan World Resort Hotel ("SWR") is a corporation operating a hotel and resort complex on Saipan in the Northern Mariana Islands. The hotel it operates previously was operated under the name Diamond Hotel.

4. Sang Jang ("Jang") is a Korean national who resides on Saipan in the Commonwealth of the Northern Mariana Islands.

## JURISDICTION

4. This action arises under Title VII of the Civil Rights Act of 1964 (42 U.S.C. §§ 2000e-2 and 2000e-3) and under the CNMI law for intentional assault and battery and negligent retention and supervision.

5. This Court has original jurisdiction over this action pursuant to 42 U.S.C. § 2000e-5(f)(3) and 28 U.S.C. §§ 1331 and 1343.

6. A charge concerning discrimination and retaliation was timely filed with the Equal Employment Opportunity Commission ("EEOC"). On September 18, 2012, the EEOC issued a right to sue letter.

7. This action is brought within ninety days of receipt of that letter.

8.  The Court has supplemental jurisdiction over the CNMI law claims pursuant to 28 U.S.C. §§ 1367.

**FACTS**

9.  Perje started working at Diamond Hotel at the facility now owned and operated by SWR in 2000. She worked there as a commercial cleaner until she resigned in May 2012.

10. SWR took over the ownership and operations of Diamond Hotel in 2003 and Perje was retained by the new management.

11. In June 2004, Perje was promoted to train new commercial cleaner employees.

12. Jang served as manager of the housekeeping department from 2007 to the present. He began in that position after SWR took over the operations. Jang was Perje's immediate supervisor from 2007 until she resigned in 2012.

13. In November 2007, Perje and her co-workers submitted a written complaint against Jang in which they complained about: (1) unpaid overtime, (2) the room quota scheme Jang used to determine hours worked, and (3) verbal harassment.

14. Jang believed that Perje had encouraged her co-workers to complain with her. As result, he began to retaliate against Perje.

15. In November 2008, Jang demoted Perje and assigned her to the lobby, which meant she no longer received the benefits of tips from customers.

16. When Perje resisted signing a document regarding her new assignment, Jang said, "You don't have a choice, it is up to you, you have to sign. Either you gonna sign or I will not renew you." She signed the document out of fear, although she was not given a copy of the document she signed.

17. For the next few years, Jang consistently shouted at Perje and embarrassed her in the presence of other employees and customers. He would only single out Perje in this way.

18. Jang berated Perje and his comments revealed his anti-Filipino attitude. He made comments such as:

- You Philippine you always talking, you always complaining.
- Why you Philippine always talking to HR.
- You Philippine no good.
- You know in Korea even very old they are very fast.
- You Philippine you very slow.
- You stop talking in Philippine, you should always talk English.

19. Jang also showed his anti-Filipino animus in the way he treated other workers. All of the commercial cleaners were of Filipino descent except for one. Jang would not criticize the non-Filipino worker for taking the same actions as the workers of Filipino descent who would be criticized.

20. Jang also took actions to attempt to drive Perje out of SWR. For instance, he re-assigned Perje to the 7th floor of SWR and required her to work there alone even though the work involved moving a king-sized bed. Prior to her assignment to this position, one man and one woman were assigned to do this same task together.

21. Perje continued to report Jang's harassment and unfair treatment of her to SWR's human resource department. She did not notice any action taken from these reports. Instead, she only noticed more retaliation from Jang.

22. On or about August 26, 2011, around 8:35 A.M., Jang escalated his actions towards Perje. He approached Perje from behind and punched her heavily two consecutive times in the back.

23. Perje reported the incident to SWR's security and human resource manager, neither of which assisted Perje.

24. When the human resources manager asked Perje to go meet her, Perje was told that Jang intended to write a memo for her personnel file that she was not supposed to go to human resources during working hours for the time she was with human resources at that department's request.

25. Jang took these actions because of Perje's sex (female) and national origin (Philippines) and to retaliate against her for her labor complaint.

26. SWR was aware of Jang's actions but never disciplined him, re-assigned him, and even criticized him.

27. Instead, SWR retained Jang in the same position he held when Perje worked for SWR.

28. As a result of Jang's actions, Perje has suffered emotional distress and illness.

## CAUSES OF ACTION

### COUNT I – VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 (42 USC § 2000e-2)

### UNLAWFUL DISCRIMINATION AGAINST SWR

29. Perje incorporates by reference paragraphs 1 through 28 as fully set forth herein.

30. 42 U.S.C. § 2000e-2 makes it unlawful for an employer to "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin . . . ."

31. The WRS discriminated against Perje because of her sex and national origin with respect to the conditions and terms of her employment.

32. As a direct and proximate cause of those actions, Perje has suffered irreprehensible pecuniary injury, harm, and loss.

### COUNT II – VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 (42 USC § 2000e-3)
### UNLAWFUL RETALIATION AGAINST SWR

33. Perje incorporates by reference paragraphs 1 through 32 as fully set forth herein.

34. 42 U.S.C. § 2000e-3 prohibits an employer from "discriminat[ing] against any of his employees . . . because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or

participated in any manner in an investigation, proceeding, or hearing under this subchapter."

35. The Defendant retaliated against Perje by mistreating her because she reported the SWR's unfair labor practices.

36. As a direct and proximate cause of those actions, Perje suffered irreprehensible pecuniary injury, harm, and loss.

### COUNT III – INTENTIONAL ASSAULT AND BATTERY AGAINST JANG

37. Perje incorporates by reference paragraphs 1 through 36 as fully set forth herein.

38. Jang intentionally assaulted and battered Perje with his wrongful and offensive punching of her back without her consent.

39. Jang was acting as a manager and within the scope of his employment when he punched Perje.

40. As a direct and proximate cause of those actions, Perje suffered irreprehensible pecuniary injury, harm, and loss.

WHEREFORE, Perje prays that the Court enter judgment:

1. Awarding damages, compensatory and punitive in an amount to be awarded at trial.
2. Awarding Perje his costs and reasonable attorney's fees.
3. Granting Perje such other relief as the Court deems just a proper under the circumstances.

## JURY DEMAND

Perje demands a jury trial on all issues so triable.

Respectfully submitted,

Attorneys for Plaintiff

_____
VICTORINO DLG. TORRES, ESQ.
TORRES BROTHERS, LLC.

_____/s/_____
JAMES D. LIVINGSTONE, ESQ.
Law Office of James D. Livingstone
101 Huntington Ave.
5th Floor
Boston, MA 02199
617-910-6892

## VERIFICATION

I, Rosalinda Perje, under penalty of perjury, declare that: (1) I have read the foregoing Complaint and understand the contents thereof; (2) I hereby verify that the contents are true and correct to the best of my knowledge; and (3) I have affixed my signature on the dated stated below, on Saipan, Commonwealth of the Northern Mariana Islands.

Dated this 17th day of December, 2011.

_____
ROSALINDA PERJE